**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-4863

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TEMESTOCLES A. SANTOS, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Marvin J. Garbis, Senior District Judge. (CR-02-530-MJG)

Submitted: June 24, 2005          Decided: July 19, 2005

Before TRAXLER, KING, and SHEDD, Circuit Judges.

Dismissed by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Jeffrey E. Risberg, Assistant Federal Public Defender, Baltimore, Maryland, for Appellant. Thomas M. DiBiagio, United States Attorney, Angela R. White, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Temestocles A. Santos, Jr., pleaded guilty to one count of possession with intent to distribute fifty grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (2000), and was sentenced to seventy months in prison. His attorney has filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), raising one issue but stating that, in his opinion, there are no meritorious issues for appeal. Santos was advised of his right to file a pro se informal brief, but did not file such a brief. The United States argues that this court must enforce the waiver-of-appellate rights provision in Santos' plea agreement. We agree and dismiss the appeal.

I

Santos signed a written plea agreement containing the following provision:

> [You] knowingly and expressly waive all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed, including any issues that relate to the establishment of the guideline range, reserving only the right to appeal from an upward or downward departure from the guideline range that is established at sentencing.

The plea agreement set forth the minimum and maximum sentence that Santos faced and made clear that the sentencing guidelines applied and that the court would apply a sentence within those guidelines unless there was a basis for departure. Santos admitted that he was guilty of the offense charged and that the Government could prove his guilt if the case proceeded to trial.

- 2 -

Santos and his attorney signed the agreement. By signing, Santos acknowledged that he had read the agreement, had reviewed it with his lawyer, understood it, and voluntarily agreed to it.

At his Fed. R. Crim. P. 11 hearing, the district court ascertained that Santos was thirty-three years old and a high school graduate. Santos was not under the influence of drugs or alcohol. The court identified the rights that Santos waived by going to trial, and specifically mentioned the right to appeal. The court stated, "You'd have the right to an appeal. You'd still have counsel. And on appeal, the appeals court could say well, there was an error in the trial and send it back for a new trial or find you not guilty. Do you understand you're giving up all those rights?" Santos stated that he did. The district court concluded that the plea was knowingly and voluntarily entered and accepted Santos' guilty plea.

At sentencing, the district court accepted the guideline calculations recommended in the presentence report and stipulated to in the plea agreement, for an offense level of 27 and a criminal history category of 1, with a resulting guideline range of 70-87 months. The court sentenced Santos to seventy months in prison.

In the Anders brief, counsel contends that the Government should have made a motion for downward departure based upon substantial assistance. However, counsel concedes that the plea agreement stipulated that whether to make such a motion lay within the exclusive discretion of the Government. Further, there is nothing to suggest that the failure to make a motion resulted from bad faith or unconstitutional motive. The Government replies that Santos waived his right to appeal.

This case is governed by our recent decision in United States v. Blick, 408 F.3d 162 (4th Cir. 2005). The issue in Blick was whether a waiver-of-appellate rights provision in a plea agreement was enforceable after the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005). We employed a two-part analysis to decide the issue. First, we considered whether the waiver was knowing and voluntary. Having decided that it was, we asked whether the issues raised on appeal were within the scope of that motion. They were, and we held that the appeal was subject to dismissal. Blick 408 F. 3d at 164.

This Court reviews de novo the validity of a waiver of the right to appeal. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). Whether such a waiver is knowing and intelligent depends upon the facts and circumstances surrounding its making, including the defendant's background, experience, and conduct.

United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992). A waiver is ineffective if the district court fails to question the defendant about it, United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991), unless other evidence in the record shows that the waiver was informed and voluntary. Davis, 954 F.2d at 186.

Here, Santos' waiver was clearly knowing and voluntary. The details of the waiver were clearly set forth in the written plea agreement, which Santos had read, discussed with his attorney, and understood. He was thirty-three, a high school graduate, and not under the influence of drugs or alcohol when he entered his guilty plea. The district judge questioned him about the waiver of his appellate rights, and Santos stated that he understood the waiver.

In his plea agreement, Santos reserved the right to appeal an upward or downward departure from his guideline range. On appeal, he attempts to challenge the Government's failure to move for a downward departure based upon substantial assistance. Because there was no departure, the issue he seeks to raise lies within the scope of the appellate waiver and, under Blick, the matter is not reviewable on appeal.

As required by Anders, we have reviewed the entire record on appeal and have found no meritorious issues for appeal. We therefore dismiss the appeal. The court requires that counsel inform his client, in writing, of his right to petition the Supreme

Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED